## United States District Court
## Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | **Docket No.** | SA CR 19-00195-ODW-4 |
| **Defendant** Alexander Michael Semenik | | **Social Security No.** 7 1 5 7 |
| akas: | | (Last 4 digits) | |

In the presence of the attorney for the government, the defendant appeared in person on this date.

| MONTH | DAY | YEAR |
|---|---|---|
| MAY | 9 | 2023 |

**COUNSEL**    Ron M. Cordova, panel
(Name of Counsel)

**PLEA**   [X] **GUILTY,** and the court being satisfied that there is a factual basis for the plea.   [ ] **NOLO CONTENDERE**   [ ] **NOT GUILTY**

**FINDING**   There being a finding/verdict of **GUILTY,** defendant has been convicted as charged of the offense(s) of:
**Count 32:** 42:1320a-7b(b)(2)(A); 18:2(b): Illegal Remunerations in Connection with Federal Health Care Programs; **Count 43**: 42:1320a-7b(b)(1)(A); 18:2(b): Illegal Remunerations in Connection with Federal Health Care Programs

**JUDGMENT AND PROB/ COMM ORDER**   The Court asked whether there was any reason why judgment should not be pronounced. Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that: Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant is hereby committed to the custody of the Bureau of Prisons to be imprisoned for a term of:

**18 months on Counts 32 and 43 of the Indictment. This term consists of 18 months on each of Counts 32 and 43 of the Indictment, to be served concurrently.**

It is ordered that the defendant shall pay to the United States a special assessment of $200, which is due immediately. Any unpaid balance shall be due during the period of imprisonment, at the rate of not less than $25 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program.

It is ordered that the defendant shall pay restitution to TRICARE in the total amount of $1,721,644.25 pursuant to 18 U.S.C. § 3663A.

A partial payment of $1,000 shall be paid immediately. Restitution shall be due during the period of imprisonment, at the rate of not less than $50 per quarter, and pursuant to the Bureau of Prisons' Inmate Financial Responsibility Program. If any amount of the restitution remains unpaid after release from custody, nominal monthly payments of at least 10% of defendant's gross monthly income but not less than $250, whichever is greater, shall be made during the period of supervised release and shall begin 90 days after the commencement of supervision. Nominal restitution payments are ordered as the Court finds that the defendant's economic circumstances do not allow for either immediate or future payment of the amount ordered.

Pursuant to 18 U.S.C. § 3612(f)(3)(A), interest on the restitution ordered is waived because the defendant does not have the ability to pay interest. Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. § 3612(g).

Case 8:19-cr-00195-ODW   Document 357   Filed 05/09/23   Page 2 of 8   Page ID #:2693

| USA vs. Alexander Michael Semenik | Docket No.: SA CR 19-00195-ODW-4 |

The defendant shall be held jointly and severally liable with co-defendants Marcus Orlando Armstrong, Leslie Andre Ezidore, and Sandy Mai Trang Nguyen (case number 8:19CR00195-ODW) for the amount of restitution ordered in this judgment. The victim's recovery is limited to the amount of their loss and the defendant's liability for restitution ceases if and when the victim receives full restitution.

The defendant shall comply with Second Amended General Order No. 20-04.

Pursuant to Guideline §5E1.2(a), all fines are waived as the Court finds that the defendant has established an inability to pay any fine.

Upon release from imprisonment, the defendant shall be placed on supervised release for a term of two years. This term consists of two years on each of Counts 32 and 43 of the Indictment, all such terms to run concurrently under the following terms and conditions:

1. The defendant shall comply with the rules and regulations of the United States Probation & Pretrial Services Office and Second Amended General Order 20-04.

2. During the period of community supervision, the defendant shall pay the special assessment and restitution in accordance with this judgment's orders pertaining to such payment.

3. The defendant shall cooperate in the collection of a DNA sample from himself.

4. The defendant shall provide the Probation Officer with access to any and all business records, client lists, and other records pertaining to the operation of any business owned, in whole or in part, by the defendant, as directed by the Probation Officer.

5. The defendant shall apply all monies received from income tax refunds, lottery winnings, inheritance, judgments and any other financial gains to the Court-ordered financial obligation.

Case 8:19-cr-00195-ODW   Document 357   Filed 05/09/23   Page 3 of 8   Page ID #:2694

| USA vs. Alexander Michael Semenik | Docket No.: SA CR 19-00195-ODW-4 |
|---|---|

6. The defendant shall not obtain or possess any driver's license, Social Security number, birth certificate, passport or any other form of identification in any name, other than the defendant's true legal name, nor shall the defendant use, any name other than the defendant's true legal name without the prior written approval of the Probation Officer.

**The Court recommends defendant to be housed in a facility in the Las Vegas, Nevada area.**

**The Court recommends defendant to participate in the 500-hour RDAP.**

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

It is further ordered that the **defendant surrender himself to the institution designated by the Bureau of Prisons at or before 12 noon, on August 9, 2023.** In the absence of such designation, the defendant shall report on or before the same date and time, to the United States Marshal located at the First Street U.S. Courthouse 350 W. First Street, Suite 3001, Los Angeles, CA 90012.

Pursuant to 18 U.S.C. § 3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The Court, in determining the particular sentence to be imposed, shall consider -

The nature and circumstances of the offense and the history and characteristics of the defendant;

2. The need for the sentence imposed --

    a. To reflect the seriousness of the offense; to promote respect for the law, and to provide just punishment for the offense;

    b. To afford adequate deterrence to future criminal conduct;

    c. To protect the public from further crimes of the defendant; and

    d. To provide the defendant with needed educational correctional treatment in the most effective manner.

3. The kinds of sentences available;

4. The guideline sentencing range;

5. The need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.

| USA vs. | Alexander Michael Semenik | Docket No.: | SA CR 19-00195-ODW-4 |
|---|---|---|---|

6. The need to provide restitution to any victims of the offense.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| May 9, 2023 | |
|---|---|
| Date | U. S. District Judge |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

Clerk, U.S. District Court

| May 9, 2023 | By | Sheila English /s/ |
|---|---|---|
| Filed Date | | Deputy Clerk |

The defendant must comply with the standard conditions that have been adopted by this court (set forth below).

### STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE

While the defendant is on probation or supervised release pursuant to this judgment:

1. The defendant must not commit another federal, state, or local crime;

2. The defendant must report to the probation office in the federal judicial district of residence within 72 hours of imposition of a sentence of probation or release from imprisonment, unless otherwise directed by the probation officer;

3. The defendant must report to the probation office as instructed by the court or probation officer;

4. The defendant must not knowingly leave the judicial district without first receiving the permission of the court or probation officer;

5. The defendant must answer truthfully the inquiries of the probation officer, unless legitimately asserting his or her Fifth Amendment right against self-incrimination as to new criminal conduct;

6. The defendant must reside at a location approved by the probation officer and must notify the probation officer at least 10 days before any anticipated change or within 72 hours of an unanticipated change in residence or persons living in defendant's residence;

7. The defendant must permit the probation officer to contact him or her at any time at home or elsewhere and must permit confiscation of any contraband prohibited by law or the terms of supervision and observed in plain view by the probation officer;

8. The defendant must work at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons and must notify the probation officer at least ten days before any change in employment or within 72 hours of an unanticipated change;

9. The defendant must not knowingly associate with any persons engaged in criminal activity and must not knowingly associate with any person convicted of a felony unless granted permission to do so by the probation officer. This condition will not apply to intimate family members, unless the court has completed an individualized review and has determined that the restriction is necessary for protection of the community or rehabilitation;

10. The defendant must refrain from excessive use of alcohol and must not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;

11. The defendant must notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;

12. For felony cases, the defendant must not possess a firearm, ammunition, destructive device, or any other dangerous weapon;

13. The defendant must not act or enter into any agreement with a law enforcement agency to act as an informant or source without the permission of the court;

14. The defendant must follow the instructions of the probation officer to implement the orders of the court, afford adequate deterrence from criminal conduct, protect the public from further crimes of the defendant; and provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Case 8:19-cr-00195-ODW   Document 357   Filed 05/09/23   Page 6 of 8   Page ID #:2697

| | |
|---|---|
| USA vs.   Alexander Michael Semenik | Docket No.:   SA CR 19-00195-ODW-4 |

☐ The defendant must also comply with the following special conditions (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTION**

The defendant must pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment under 18 U.S.C. § 3612(f)(1). Payments may be subject to penalties for default and delinquency under 18 U.S.C. § 3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed before April 24, 1996. Assessments, restitution, fines, penalties, and costs must be paid by certified check or money order made payable to "Clerk, U.S. District Court." Each certified check or money order must include the case name and number. Payments must be delivered to:

United States District Court, Central District of California

Attn: Fiscal Department

255 East Temple Street, Room 1178

Los Angeles, CA 90012

or such other address as the Court may in future direct.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant must pay the balance as directed by the United States Attorney's Office. 18 U.S.C. § 3613.

The defendant must notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence address until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. § 3612(b)(l)(F).

The defendant must notify the Court (through the Probation Office) and the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. § 3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution under 18 U.S.C. § 3664(k). See also 18 U.S.C. § 3572(d)(3) and for probation 18 U.S.C. § 3563(a)(7).

Payments will be applied in the following order:

1. Special assessments under 18 U.S.C. § 3013;

2. Restitution, in this sequence (under 18 U.S.C. § 3664(i), all non-federal victims must be paid before the United States is paid):

    Non-federal victims (individual and corporate),

    Providers of compensation to non-federal victims,

    The United States as victim;

3. Fine;

4. Community restitution, under 18 U.S.C. § 3663(c); and

5. Other penalties and costs.

Case 8:19-cr-00195-ODW   Document 357   Filed 05/09/23   Page 7 of 8   Page ID #:2698

| | |
|---|---|
| USA vs. Alexander Michael Semenik | Docket No.: SA CR 19-00195-ODW-4 |

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____

Defendant noted on appeal on _____

Defendant released on _____

Mandate issued on _____

Defendant's appeal determined on _____

Defendant delivered on _____ to _____

at _____ the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____
Date

_____
Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

_____
Filed Date

_____
Deputy Clerk

**FOR U.S. PROBATION OFFICE USE ONLY**

Case 8:19-cr-00195-ODW Document 357 Filed 05/09/23 Page 8 of 8 Page ID #:2699

USA vs. Alexander Michael Semenik  Docket No.: SA CR 19-00195-ODW-4

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed)_____        _____
             Defendant                                                                                  Date


_____                     _____
U. S. Probation Officer/Designated Witness                                  Date